[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 22, 2005
THOMAS  K. KAHN
CLERK

No. 04-14877
Non-Argument Calendar

_____

BIA Nos. A95-885-704 &
A95-885-705

LILIANA MARIA DIAZ,
CARLOS HORACIO VASQUEZ, et al.,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of
the Board of Immigration Appeals

_____

**(July 22, 2005)**

Before ANDERSON, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Maria Diaz, her husband Carlos Vasquez, and their children Sara Vasquez, and Simon Vasquez (the petitioners), petition for review of the Board of Immigration Appeals' (BIA's) decision affirming the Immigration Judge's (IJ's) removal order. We dismiss in part, and deny in part their petition for review.

## I. DISCUSSION

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Insofar as the BIA adopts the IJ's reasoning, as occurred in this case, we review the IJ's decision as if it were the BIA's. *Id.*

A.  *Asylum*

An alien may not apply for asylum unless she demonstrates, by clear and convincing evidence, the application has been filed within one year of her arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). The one-year filing period commences either on the date of the alien's arrival or on April 1, 1997, whichever is later. 8 C.F.R. § 208.4(a)(2)(ii). A late application for asylum may be considered if changed circumstances exist that materially affect the alien's eligibility for asylum, or extraordinary circumstances exist that relate to the delay in filing the application within the one-year period. 8 U.S.C. § 1158(a)(2)(D). "[S]ection 1158(a)(3) "divests our Court of jurisdiction to review a decision

2

regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse [her] untimely filing." *Mendoza v. U.S. Attorney Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

The IJ found Diaz's application for asylum was untimely, as she failed to (1) file it within the required one-year time limit, or (2) show she qualified for an exception. Because Diaz's asylum application was time-barred, the IJ denied the petitioners' asylum claim. Pursuant to 8 U.S.C. § 1158(a)(3), we cannot review the IJ's denial of Diaz's asylum application as time-barred.

B.     *Withholding of Removal*

The petitioners assert the IJ erred by denying their withholding of removal claim without providing a "separate withholding analysis" apart from the IJ's considering their claims under the burden of proof required for asylum and then indicating that, since they failed to meet the asylum standard, they failed to meet the withholding of removal standard as well. Petitioners also contend the IJ's finding regarding their ability to relocate within Colombia was erroneous.

The BIA's factual determination that an alien is not entitled to withholding of removal must be upheld if it is supported by substantial evidence. *Al Najjar*, 257 F.3d at 1283–84. An alien shall not be removed to a country if her life or freedom would be threatened in such country on account of race, religion,

nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). The burden of proof is upon the alien to show her eligibility for withholding of removal. 8 C.F.R. § 208.16(b). An alien is entitled to withholding of removal if she can establish, with specific and credible evidence: (1) a past threat to life or freedom through proof of past persecution on account of her membership in a particular social group (or other statutorily listed factor), or (2) a future threat to life or freedom if it "is more likely than not" that her membership in a particular social group (or other statutorily listed factor) will cause future persecution. 8 C.F.R. § 208.16(b)(1), (2). If an alien establishes past persecution, she is presumed to have a well-founded fear of future persecution, unless the government can rebut the presumption with evidence of changed circumstances in the alien's country or that the alien could relocate within her country and that it would be reasonable to expect her to do so. 8 C.F.R. § 208.16(b)(1)(i).

If, however, an alien does not establish past persecution, she bears the burden of showing a well-founded fear of future threat to life or freedom by showing that it is more likely than not she will suffer persecution on the basis of her membership in a particular social group (or other statutorily protected factor), and she could not avoid persecution by relocating to another part of his country, if, under all of the circumstances, it would be reasonable to expect her to do so. *See*

8 C.F.R. § 208.16(b)(2). Because this standard is more stringent than the "well-founded fear" standard for asylum, if an applicant is unable to meet the "well-founded fear" standard for asylum, she is generally precluded from qualifying for either asylum or withholding of removal. *Al Najjar*, 257 F.3d at 1292–93.

According to Diaz, her problems with the FARC began when they stopped a public bus on which she was riding. Diaz claimed she was sexually harassed, threatened with death, and physically assaulted, but not otherwise harmed. Diaz alleged the FARC subsequently contacted her and demanded a payment of six million pesos. Diaz testified the FARC indicated that, because she held two jobs, including one working for a bank, they believed she made a lot of money. Diaz further alleged she raised three million pesos to pay the FARC, after which she never heard from the FARC again even though she continued working for the same employers, where she had previously received threatening notes. Accordingly, substantial evidence supports the finding that petitioners were not persecuted on account of a protected ground, but rather, because of their ability to provide the FARC with money, and extortion does not constitute evidence of persecution on a statutorily protected ground. *See e.g., Fleurinor v. INS*, 585 F.2d 129, 134 (5th Cir. 1978); *Bolshakov v. INS*, 133 F.3d 1279, 1281 (9th Cir. 1998). Although Diaz's testimony regarding the bus incident provides some evidence

5

supporting her political persecution theory, it does not compel the conclusion the IJ's analysis must be reversed. *See Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), *pet. for cert. filed*, No. 04-7944 (Oct. 28, 2004). Additionally, because the FARC did not contact Diaz again after she paid them three million pesos, the petitioners cannot show a well-founded fear of future persecution.

Contrary to petitioners' argument, since they failed to establish past persecution, they were not entitled to a presumption that relocation would not be possible. Moreover, the IJ's determination regarding relocation was not dispositive of their claim, as the IJ found that petitioners failed to establish either past persecution or well-founded fear of future persecution on the basis of a protected ground. Petitioners cite to no authority to support their contention the IJ was required to restate his findings in order to demonstrate he separately considered their claims according to the standard for withholding of removal, after having previously determined their claim failed under the lower standard of asylum. Petitioners, likewise, cite no authority to support their contention that making "colorable claims of past persecution" established " a separate and distinguishable claim for future persecution," absent a finding by the IJ of past

6

persecution. Accordingly, substantial evidence supports the IJ's decision denying the petitioners withholding of removal.

C.    *CAT Relief*

The petitioners assert the IJ's construction of the "acquiescence clause" of the Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT), 8 C.F.R. § 208.16, which requires a public official be aware of activity constituting torture prior to its occurrence and then fail to intervene to prevent such activity, is inconsistent with the clause's legislative and statutory history. The petitioners further argue they were entitled to relief under CAT because, since the FARC is in reality "a government within a government," which has been formally recognized by the Colombian government, the Colombian government is complicit in the FARC's activities.

To obtain withholding of removal under the CAT's implementing regulations, petitioners bear the burden of establishing they "more likely than not" would be tortured upon their return to Colombia. 8 C.F.R. § 208.16(c). "Torture" is defined as:

> [A]ny act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or

7

coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

*Id.* § 208.18(a)(1).

In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal, the IJ shall consider, *inter alia*, evidence of past torture and other relevant information regarding conditions in the country of removal. *Id.* § 208.16(c)(3)(i), (iv). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." *Id.* § 208.18(a)(2). The burden of proof for an applicant for withholding of removal under the CAT is higher than the burden imposed upon an asylum applicant. *Al Najjar*, 257 F.3d at 1303–04.

Pursuant to 8 U.S.C. § 1252(d)(1), "[a] court may review a final order of removal only if—the alien has exhausted all administrative remedies available to the alien as of right." The exhaustion requirement is jurisdictional and precludes review of a claim that was not presented to the BIA. *See e.g., Fernandez-Bernal v. U.S. Attorney Gen.*, 257 F.3d 1304, 1317 n.13 (11th Cir. 2001). Moreover, in its notice of appeal before the BIA, the appealing party "must identify the reasons for

8

the appeal in the Notice of Appeal . . . or in any attachments thereto . . . ." 8 C.F.R. § 1003.3(b). The statement of appeal "must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged." *Id.* "If the dispute is over the findings of fact, the specific facts contested must be identified." *Id.*

The petitioners did not raise their legal claim, challenging the IJ's construction of the "acquiescence clause" of CAT, before the BIA. Consequently, petitioners failed to exhaust their administrative remedies regarding this claim, and cannot raise it for the first time on appeal.

There is nothing in the record to suggest, including any allegations by the petitioners, that the petitioners were previously tortured by the FARC with the consent or acquiescence of the Colombian government. Likewise, there is nothing in the record to suggest the petitioners would "more likely than not" be tortured by the FARC with the consent or acquiescence of the Colombian government upon their return to Colombia. Consequently, because the petitioners did not present any evidence that any alleged harm was "inflicted at the instigation of or with the consent or acquiescence of a public official," they cannot establish eligibility for CAT relief.

## II. CONCLUSION

We lack jurisdiction to review the determination the petitioners' asylum application was time-barred. After reviewing the petitioners withholding of removal and CAT claims, we find no error.

PETITION DISMISSED IN PART AND DENIED IN PART.